MINER, Judge.
The claimant, Tore Wistedt, appeals the hearings officer’s denial of Medicaid benefits based on the claimant’s failure to timely provide the Department of Health and Rehabilitative Services (Department) with requested application documentation. He contends that his failure to provide this documentation with his application has been remedied by its introduction and receipt into evidence, without the Department’s objection, at the administrative hearing. The Department has failed to respond. We agree and we reverse.
The hearings officer recognized the claimant’s right to introduce the requested documents in his notice of hearing and during the commencement of the proceedings below. The hearings officer admitted the relevant documents without the Department’s objection. However, in his final order, he confirmed the Department’s denial of Medicaid benefits based on the claimant’s failure to timely provide the requested documents with his application.
*1237 Florida Administrative Code Rules 10-2.-057(3), .060(1), and .066, require the hearings officer to conduct a de novo hearing in which the claimant shall have the right to introduce any relevant evidence with substantial probative effect and to base his final order exclusively upon evidence and other materials introduced at the hearing. The hearings officer’s express failure to consider the relevant documents directly conflicts with his obligations under the Code. Therefore we reverse and remand with directions to the hearings officer to consider all evidence introduced and admitted at hearing.
SMITH and THOMPSON, JJ., concur.